UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 15  P 12: 26

| | |
|---|---|
| DUNKIN' DONUTS INCORPORATED, <br> BASKIN-ROBBINS USA, CO. <br> Plaintiff | : <br> : CASE NO. 3:02 CV1761(SRU) <br> : <br> : |
| vs. | : <br> : |
| C.D.M.S. ENTERPRISES, INC., <br> LEAVENWORTH DONUTS, INC. <br> Defendant | : <br> : <br> : OCTOBER 14, 2003 |

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION FOR ORDER OF COMPLIANCE

The Plaintiffs, Dunkin Donuts Incorporated and Baskin-Robbins USA, Co., commenced the above entitled action against the Defendants, C.D.M.S. Enterprises, Inc. and Leavenworth Donuts, Inc., alleging, among other things, breach of contract, trademark infringement, unfair competition and trademark dilution in connection with the Defendants' ownership and operation of two (2) retail donut shops.

On June 27, 2003, the Defendants filed an Answer and Counterclaim and asserted, by way of Counterclaim, causes of action sounding in breach of contract, fraud, negligent misrepresentation, breach of covenant of good faith and fair dealing, promissory estoppel and violation of the Connecticut Unfair Trade Practices Act.

On June 27, 2003, the Defendants, pursuant to Federal Rules of Civil Procedure 26, 33 and 34, filed Requests for Production seeking relevant, non-privileged documents relating to the principal allegations contained in both the Plaintiffs' Complaint and the Defendants' Counterclaim. On September 8, 2003, the Defendants filed a Motion for Order of Compliance as a result of the Plaintiffs' failure and/or refusal to respond to the Defendants' Request for

Production and, thereafter, the Plaintiffs filed an Opposition to the Defendants' Motion for Order of Compliance on October 1, 2003.

The Plaintiffs claim, in support of its Opposition to the Defendants' Motion for Order of Compliance, that the "Defendants' discovery request was not served in a timely manner because Dunkin's responses were not due until after the close of discovery. Thus, Dunkin' was not obligated to respond to it." (Plaintiffs' Opposition to Defendants' Motion for Order of Compliance dated October 1, 2003, p. 2). The Plaintiffs' claim is disingenuous for two reasons. First, the Plaintiff conveniently ignores the pertinent language contained in Rule 34(b) of the Federal Rules of Civil Procedure which provides, in relevant part:

> "The party upon whom the request is served shall serve a written response within 30 days after the service of the request. **A shorter or longer time may be directed by the court** or, in the absence of such an order, agreed to in writing by the parties, subject to Rule 29."

Fed. R. Civ. P. 34

While the Scheduling Order required that discovery be completed by July 21, 2003, the Court has in its discretion the authority to lengthen the time by which the Plaintiff may serve written responses to the Defendants' Request for Production. Fed. R. Civ. P. 34. In light of the fact that the Plaintiffs' response to the Defendants' Request for Production was due a mere nine (9) days after the close of discovery, the Defendants respectfully request that this Court exercise its discretion under Fed. R. Civ. P. 34(b) and allow the Plaintiffs an additional nine (9) days in which to comply with the Defendants' Request dated June 27, 2003.

The Plaintiffs' Opposition to the Defendants' Motion for Order of Compliance is further disingenuous by virtue of the fact that the Plaintiffs unilaterally filed a Motion to Modify

the Scheduling Order on September 23, 2003, seeking to extend the deadline to complete discovery! To suggest on one hand that the Defendants' Request for Production was untimely and object on those grounds while, on the other hand, move to modify the Scheduling Order to extend the deadline to complete discovery is contradictory, at best. Indeed, the Plaintiffs admit that if their Motion to Modify the Scheduling Order is granted, they "will comply with the Court's Order and respond to Defendants' Request for Production of Documents by serving its objections, responses, and any non-privileged responsive documents on Defendants." (Plaintiffs' Opposition to Defendants' Motion for Order of Compliance dated October 1, 2003, p. 2).

Moreover, the Plaintiffs' Opposition to Defendants' Motion for Order of Compliance is premature in that the Court has yet to act upon the Plaintiffs' Motion to Modify the Scheduling Order which, if granted, would render the Plaintiffs' Opposition moot.

In addition to claiming that the Defendants' Request for Production was not served in a timely manner, the Plaintiffs further allege that said Requests "seek documents that are not relevant to this action thus Dunkin' should not be required to produce them." (Plaintiffs' Opposition to Defendants' Motion for Order of Compliance dated October 1, 2003, p. 2). The Plaintiffs' Objections, while premature at this juncture of the proceedings, deserve comment nonetheless.

The Plaintiffs' Objections to the Defendants' Request for Production are without merit in that they badly mischaracterize said Requests and take the written Requests completely out of context. For example, the Plaintiffs state that Request Nos. 2 and 3 "seek information concerning or relating to the terms of the franchise relationship generally (Req. No. 3) as well as any and all communications between the parties regarding the franchise agreements generally"

and, therefore, the Requests are "broad in scope, covering every aspect of the franchise relationship." (Plaintiffs' Opposition to Defendants' Motion for Order of Compliance dated October 1, 2003, p. 3). In fact, Request No. 2 seeks documents relating to "communications between the Plaintiffs and the Defendants with respect to the franchise agreements <u>including any and all operating standards as set forth in any and all manuals furnished by the Plaintiffs to the Defendants which are the subject of the present action</u>." (Defendants' Request for Production dated June 27, 2003). Similarly, Request No. 3 seeks documents "relating to the terms and conditions of the franchise relationship between the Plaintiffs and the Defendants <u>together with any and all operating standards published by the Plaintiffs including, but not limited to, with respect to any documents, all amendments, updates, renewals and/or modifications</u>." (Defendants' Request for Production dated June 27, 2003).

Unfortunately, the Plaintiffs' mischaracterization of the Defendants' Request for Production do not end there. For instance, the Plaintiffs claim that Request No. 4 seeks information "relating to any and all communications between the Plaintiffs and any third person with respect to the franchise agreements" and, as a result, the Request is over broad and "is in no way limited to the subject matter of this lawsuit." (Plaintiffs' Opposition to Defendants' Motion for Order of Compliance dated October 1, 2003, p. 3). In fact, Request No. 4 seeks documents relating to "communications between the Plaintiffs and any third person with respect to the franchise agreements <u>including any operating standards as set forth in any manuals furnished by the Plaintiffs to the Defendants which are the subject of the present action</u>". (Defendants' Request for Production dated June 27, 2003).

The Plaintiffs' mischaracterizations and self-serving statements continue with respect to their Objections to Request Nos. 9 through 12 which seek information relevant to the Defendants' Counterclaims alleging, inter alia, that the Plaintiffs have subjected them to disparate treatment and it routinely fails to provide the Defendants with the same benefits and support that it provides to other franchisees similarly situated in the New Haven and Fairfield County region.[1] These Requests comply with Fed.R.Civ.P. 26(b) in that they seek non-privileged documents that are relevant to the claims and/or defenses in the present action.

> "The purpose of Rule 34 is to make relevant and non-privileged documents and objects in the possession on one party available to the other, thus eliminating strategic surprise and permitting the issue to be simplified and the trial to be expedited. <u>The Rule is to be liberally, rather than narrowly, construed.</u>"

8A <u>Federal Practice and Procedure</u>, Section 2202, p. 356-57 (1994) (emphasis added).

> Rule 34 is "as broad in scope as any of the discovery devices and is in all respects an essential part of a liberal and integrated scheme for the full disclosure of relevant information between the parties that will facilitate the prompt and just disposition of their litigation. <u>The Rule authorizes the broadest sweep of access, inspection,</u>

---

[1] Specifically, Request Nos. 9 through 12 provide, in full:

9. Any and all non-privileged documents evidencing, concerning or relating to the performance under and or conformity with the established policies and procedures published by the Plaintiffs by any and all franchisees located in New Haven County and/or Fairfield County, Connecticut during the period from January 1, 2000 through the present date.

10. Any and all non-privileged documents evidencing, concerning or relating to disciplinary proceedings, judicial actions and/or any other measures commenced by the Plaintiffs against franchisees operating in New Haven County and/or Fairfield County during the period from January 1, 2000 through the present date arising from any failure or lack of performance and/or lack of conformity with the established policies and procedures published by the Plaintiffs.

11. Any and all non-privileged documents evidencing, concerning or relating to the frequency and scope of health and sanitation inspections performed by the Plaintiffs at each of its franchises located in New Haven County and/or Fairfield County, Connecticut during the period from January 1, 2000 through the present date.

12. Any and all non-privileged documents evidencing, concerning or relating to the grading, evaluation and/or performance ratings given by the Plaintiffs of each of its franchisees located in New Haven County and/or Fairfield County during the period from January 1, 2000 through the present date.

> examination, testing, copying, and photographing of documents or objects in the possession or control of another party. Discovery is not limited to matters that would be admissible at the trial. Any document or thing that is relevant to the subject matter involved in a pending action may be inspected pursuant to Rule 34 unless it is privileged, or it has been prepared in anticipation of litigation or for trial, or it reveals facts known and opinions held by experts, or there are special reasons why inspection would cause annoyance, embarrassment, oppression, or an undue expense."

8A Federal Practice and Procedure, Section 2206, p. 378-79 (1994) (emphasis added).

In its Opposition, the Plaintiffs claim that the Defendants Request "constitute a fishing expedition and, as presently drafted, Dunkin' should not be required to respond. To the extent Defendants are seeking discovery in hopes of finding a claim, it is on a mere 'fishing expedition'." (Plaintiffs' Opposition to Defendants' Motion for Order of Compliance dated October 1, 2003, p. 5). However, the Courts, as well as commentators, have stated:

> "With regard to discovery of documents, as with the other discovery provisions, it should be true that 'no longer can a time honored cry of fishing expeditions serve to preclude a party from inquiring into the facts underlying his opponents case.' Prior to the 1970 amendments some courts thought that the 'good cause' requirement formerly in Rule 34 prevented fishing expeditions under the Rule. With that requirement now eliminated, an objection that a request for inspection is a fishing expedition should be given short shrift. It is true that the parties seeking discovery must still designate what it wishes to inspect, but all this obstacle means is that the would be angler must have a general idea of what kind of fish he or she is hoping to catch."

8A Federal Practice and Procedure, Section 2206, p. 380 (1994) (emphasis added).

For the foregoing reasons, the Plaintiffs' Opposition to the Defendants' Motion for Order of Compliance should be given "short shrift" and, accordingly, this Court should grant

the Defendants' Motion for Order of Compliance and extend the time by which the Plaintiffs may respond to said Request by nine (9) days.

                THE DEFENDANTS,

By_____
JOEL Z. GREEN, GREEN AND GROSS, P. C.
1087 Broad Street, Bridgeport, CT., 06604
Tel: (203) 335-5141
Fax: (203) 367-9964
Email: JoelZGreen@aol.com
Federal Bar No. ct08583

        This to certify that a copy of the foregoing was mailed, postage prepaid, on October 15, 2003 to the following counsel of record:

Paul D. Sanson, Esq. (ct05477)
Alexandra M. McHugh, Esq. (ct22428)
Shipman & Goodwin LLP
One American Row
Hartford, CT 06103
Tel: (860) 251-5721
Fax: (860) 251-5799

Rebecca A. Hirselj, Esq. (ct22035)
David E. Worthen, Esq. (ct17345)
Schmeltzer, Aptaker & Shepard, P.C.
2600 Virginia Avenue, N.W., Suite 1000
Washington, DC 20037
Tel: (202) 333-8800
Fax: (202) 337-6065

_____
JOEL Z. GREEN, GREEN AND GROSS, P. C.