SCHMELTZER, APTAKER & SHEPARD, P.C.
COUNSELORS AT LAW
THE WATERGATE
2600 VIRGINIA AVENUE, NORTHWEST, SUITE 1000
WASHINGTON, D.C. 20037-1922
WEB SITE http://www.saspc.com
E-MAIL sas@saslaw.com
FAX (202) 337-6065
(202) 333-8800

FILED
2005 NOV 10 P 2:44
U.S. DISTRICT COURT
BRIDGEPORT, CONN

May 31, 205

**FACSIMILE**

The Honorable Stefan R. Underhill
United States District Court Judge
United States District Court, District of Connecticut
915 Lafayette Boulevard
Bridgeport, CT 06604

    Re:    *Dunkin' Donuts Incorporated, et al. v. CDMS Enterprises Inc., et al.*
           Case No. 3:02 cv1761 (SRU)

Dear Judge Underhill:

    On May 17, 2005, the case was dismissed without prejudice to the right of either party to reopen the case. Unfortunately, based on Defendants' failure to comply with the express terms of the settlement agreement executed by the parties, Plaintiffs request that the case be reopened and that the Court order Defendants to comply with their obligations.

    As the Court recalls, on March 5, 2004, the parties conducted a settlement conference in chambers. At that time, the parties executed a settlement agreement (attached). The agreement provides that Defendants would produce certain financial documents in order for Dunkin' to evaluate whether Defendants had underreported their sales. See ¶ 1. After considerable delay, Defendants finally produced the documents called for and Dunkin' concluded that it would not move forward with an underreporting claim. Under these circumstances, the settlement agreement *required* Defendants to do certain things, including: (1) completing the remodel of their 477 Main Street shop by May 30, 2005 (¶ 8); (2) installing EQD equipment at all of their shops (¶ 9); and (3) paying Dunkin's attorneys' fees and costs related to the enforcement of Dunkin's claims (¶ 11). Defendants refused to comply with their obligations under the agreement.

    On February 17, 2005, Dunkin' wrote to the Court to inform it of Defendants' failure to comply with the settlement agreement. During a subsequent conference call, Defendants assured the Court that compliance with the agreement would be moot once Defendants submitted a

The Honorable Stefan R. Underhill
May 31, 2005
Page 2 of 2

purchase contract. As they have repeatedly, Defendants pledged to submit the contract promptly. In response, the Court stated that the case would be dismissed by May 13, 2005 if Defendants did not submit a purchase contract for their franchises. May 13th came and went and, not surprisingly, Defendants failed to submit a purchase contract. Thereafter, the Court dismissed the case subject to reopening it in order to enforce the settlement.

It has been over one year since Defendants signed the settlement agreement. During that time, they have complied with none of their obligations under the agreement. It is clear that Defendants will not comply without a Court order. Accordingly, Dunkin' respectfully requests that the Court reopen the case and that Defendants be ordered to comply with the terms of the settlement agreement, including:

- Immediately paying Dunkin's attorneys' fees and costs related to the enforcement of its claims, which total $12,690.82;

- Immediately moving forward with remodeling their Main Street shop; and

- Immediately ordering EQD equipment for their shops and promptly installing it upon receipt.

After issuance of the order, Dunkin' respectfully requests that the Court dismiss the action according to the terms of the settlement agreement, and that it retain jurisdiction to enforce Defendants' compliance with the order.

Thank you for your consideration in this matter.

Respectfully submitted,

David E. Worthen
Counsel for Plaintiffs

cc: Joel Green (via facsimile)